## Cunningham v. Cunningham.

(Decided April 27, 1926.)

### Appeal from Allen Circuit Court.

1.  Costs—Where Judgment was for Plaintiff in Suit to Rescind Contract for Sale of Farm and to Cancel Deed Thereto, Court Should Award Plaintiff His Costs.—Where judgment was for plaintiff in suit to rescind contract for sale of farm and to cancel deed thereto, court should award plaintiff his costs.

2.  Vendor and Purchaser—In Suit to Rescind Contract of Sale, $600.00 Allowed Purchaser for Fence and for Repairing One Barn and Building Another Held Excessive, where They Added Little to Sale Value of Place, and Purchaser had Benefit of Improvements.—In suit to rescind contract for sale of farm, and to cancel deed thereto, $600.00 allowed purchaser in possession for repairing one barn and building another, at estimated cost of $50.00 to $500.00, timber being taken from farm, and for building wire fence, held excessive, where purchaser had benefit of improvements, and they added little to sale value of land.

J. F. DENTON for appellant.

W. D. GILLIAM for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

In November, 1923, appellant, G. N. Cunningham, executed a deed to his son, O. D. Cunningham, with the following provision:

"Witnesseth: That said party of the first part for and in consideration of second party maintaining first party the remainder of his natural life, furnish-

ing him a home, food and clothing and all the necessaries of life and paying his burial expenses after his death and paying first party rental on farm as heretofore, and party of the second part reserving the right to improve the place in any way he thinks best, the receipt of which is hereby acknowledged, do hereby sell and convey to the party of the second part, his heirs and assigns the following described property.''

The son, who was a man of family, moved into the residence on the farm with his father for the purpose of carrying out the contract. At that time the father was about sixty-eight years of age, and his wife had recently died. The farm was worth about $1,500.00 to $2,000.00. After living together for a short time a disagreement arose, according to the father's testimony, and he moved out of the residence into a tenant house on the farm and batched, doing his own cooking and housekeeping and providing all of his food and clothing. Neither the son nor his family visited the father nor lent him any assistance. Soon thereafter the father instituted this action in the Allen circuit court for a cancellation of the deed and a rescission of the contract. On hearing it was adjudged by the court that the deed be cancelled and the contract rescinded, but inasmuch as the son had made certain improvements of a permanent nature on the lands, including the erection of a barn, the building of fencing and the clearing of land, he was adjudged to recover on his counterclaim the sum of $600.00, and this was declared a lien against the land and the father was adjudged to pay all the costs. Complaining of the judgment requiring him to pay the cost and to pay for the improvements placed on the lands by the son, the father appeals.

A great deal of evidence was taken by the parties. The evidence for the father supports the averments of the petition to the effect that the deed was made in consideration of support, care and attention, and that the son had failed to carry out his contract by making it so unpleasant and disagreeable at the residence where they all lived that the father was obliged in the interest of peace and harmony to move to the tenant house; that the son did not provide him with anything to eat and gave him no clothing or attention. Some of the neighbors who were acquainted with the situation testified in behalf of the father and supported him in part. The son and his

witnesses testified that the son was providing· a good home with food and clothing for the father at the old residence at the time the father without cause moved into the tenant house; that the son had importuned him to return but he had not done so. The father denied that⁻ he had been invited to return. The chancellor found that the son did not provide support and maintenance for the father, and adjudged that the deed be cancelled and the contract rescinded. Following this the court should have awarded the father his cost, and to this extent the judgment must be reversed.

The evidence shows that when the son took charge of the farm it was run down and the improvements in bad condition; that he repaired one barn and built another barn about 20 by 24 feet. According to some of the witnesses the new barn cost $150.00 to $500.00, while other witnesses testified that it cost from $50.00 to $150.00, the timber out of which the lumber was cut being taken from the farm. There was some new fencing built of wire and other improvements made on the place. The son had the .benefit of these improvements while he lived there. They did not add a great deal to the sale value of the place, according to the evidence.

After carefully reviewing the appraisement made of the improvements by the various witnesses, we have reached the conclusion that they have enhanced the value of the farm $300.00, and the chancellor will enter a judgment accordingly, on a return of the case.

Judgment affirmed as to the cancellation of the deed and rescission of the contract, and reversed as to the judgment for cost, and modified as to the amount of recovery on the counterclaim, as above indicated.